UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDALL COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SANG NGUYEN, et al.,<br><br>Defendants. | Case No. 18-cv-03468-SI<br><br>**ORDER OF DISMISSAL WITH PARTIAL LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 1, 5, 8, 11 |

## BACKGROUND

Wendell Coleman, an inmate currently housed at the Napa County Jail, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. Fellow inmates Dylan Bay and Zack Meyers also are listed as plaintiffs, although neither signed the complaint. The complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

The complaint alleges many claims, mostly with minimal facts. First, Coleman complains about various problems that occurred in connection with his several arrests. Napa Sheriff's deputy Branco allegedly planted narcotics at Coleman's home in July 2017, and encouraged Deputy Donaldson to change unspecified information during Coleman's booking in November 2017. Napa Sheriff's deputy Powers allegedly entrapped Coleman, falsified a report and lied at a preliminary examination. Several deputies allegedly came to Coleman's home in November 2017 and threatened to "kick [his] ass." Docket No. 1 at 3. Napa police chief Potter allegedly did not read Coleman his *Miranda* rights, arrested Coleman "under wrong Wendell Coleman" on May 18, 2017, and did not adequately investigate something. *Id.* at 5. Napa police officer Jimenez allegedly falsely

1 arrested Coleman on May 18, 2017, after Coleman "pointed out the language in restraining order."
2 *Id.* Napa Sheriff's deputy Dan Lichau allegedly entrapped Coleman, stole money, lied on a police
3 report, and abused Coleman on October 14, 2017. *Id.*

Next, Coleman complains about various things that occurred in the criminal prosecution against him. Three judges and a court commissioner allegedly made improper rulings in his case. The public defenders assigned to represent him allegedly failed to properly defend him during all phases of the prosecution. Deputy District Attorney Alison Haley allegedly mailed fraudulent charges to Coleman, slandered him, did not investigate properly, and did other things incorrectly during the prosecution. *Id.* at 4-5.

Finally, the complaint has allegations about the conditions at the Napa County Jail. Jail director Leonard Vare allegedly allowed unsafe and unhealthy conditions at the jail. *Id.* at 5. Lieutenant Wilson allegedly moved Coleman "to special housing 4 days before psychological evaluation without cause." *Id.* Someone allegedly denied Coleman access to green slips and grievance forms. C/O Merrill allegedly verbally abused Coleman, stole and destroyed his property, physically assaulted Coleman on May 8, 2018, denied him forms, and intimidated him. C/O Kemp allegedly did not allow SHU inmates "out time" and used racial slurs. *Id.* C/Os Jurget, Vargas, Andrews and Underwood allegedly lied about phone service, threatened discipline without cause, and used vulgar language. The conditions at the jail allegedly included conditions that were unsanitary and unsafe – all of which show the "need [for] an investigative team here now." *Id.* at 6.

**DISCUSSION**

A. <u>Dismissal Of Plaintiffs Dylan Bay and Zack Meyers From This Action</u>

The complaint lists Wendell Coleman, Dylan Bay and Zack Meyers as plaintiffs. (In another action, a complaint came from Coleman and yet another inmate: *Coleman, et al. v. Napa County Department of Corrections,* No. 18-cv-4751 SI.) The use of co-plaintiffs presents a procedural problem unique to prisoner litigation. The court now considers whether the three plaintiffs should proceed together in a single case or instead should each maintain a separate case due to their physical separation. The court concludes that the plaintiffs should proceed in three separate cases.

"A district court possesses inherent power over the administration of its business." *Spurlock v. Federal Bureau of Investigation*, 69 F.3d 1010, 1016 (9th Cir. 1995); *see Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.,* 146 F.3d 1071, 1074 (9th Cir. 1998) (district court possesses inherent power to control its docket, as long as power is exercised in a manner consistent with rules and statutes). This power includes the authority to promulgate and enforce rules for the management of litigation and the court's docket. *Spurlock*, 69 F.3d at 1016 (citations omitted); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (inherent powers are tools for "'control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'").

Basic case management principles of delay reduction and avoidance of confusion call for the plaintiffs' claims to proceed in separate cases. The main problem with having unrepresented inmates proceeding as co-plaintiffs is that inmates lack control over their ability to access each other to prepare documents and prosecute a case. Inmates are frequently moved; even inmates who initially are physically close to each other often do not remain so for the months or years that it takes for a case to work its way through to judgment.

Here, the plaintiffs' physical separation has and will impact this litigation because they are unable to work on the case together. The lack of coordination is already on display in the complaint, which was signed only by Coleman, which leaves the reader guessing as to whether the other two plaintiffs agree with some or all of the complaint. The plaintiffs also may not have access to each other in the future to prepare documents and to discuss the case. Dylan Bay has been released from custody and Zack Meyers has been sent to Napa State Hospital. *See* Docket Nos. 21, 24. Their physical separation will make their joint prosecution of this case inordinately more difficult. The slow pace of plaintiffs' communications with each other will result in extensive delays at each point in the litigation where they are required to file anything with the court. None of these *pro se* plaintiffs have the authority to represent another plaintiff. *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"). Thus, this case will be delayed as any potential filing from the plaintiffs is shuttled back and forth between the plaintiffs until all are comfortable signing it. One alternative is

3

to permit the plaintiffs to file separate documents, but this essentially results in three cases within a case, which has few benefits to match the substantial confusion caused by it.

Another factor weighing in favor of plaintiffs proceeding in separate cases is that the three plaintiffs' claims in the complaint do not appear arise out of the same transaction or occurrence. The facts of the plaintiffs' claims are such that it would be less confusing for the parties and the court to handle the claims if the plaintiffs go forward in separate cases. Separating the plaintiffs and their claims will make the cases easier to manage and resolve.

For these reasons, the court exercises its inherent power over the administration of its business and orders that each plaintiff proceed in a separate action rather than as co-plaintiffs. Dylan Bay and Zack Meyers will be dismissed from this action without prejudice to each filing a new complaint in which he asserts only his own claims. All further filings from Bay and Meyers should be in those new civil rights actions. Only Coleman's claims will proceed in the present case (i.e., Case No. 18-cv-3486 SI) and must list only Wendell Coleman as a plaintiff. Because Bay and Meyers are now being dismissed from this action, the court will not further discuss their claims.

B.  Dismissal of Improperly Joined Defendants

Under Federal Rule of Civil Procedure 20(a) all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action."

Coleman's complaint complains of too many different problems with too many different defendants. The complaint has three different subject areas: claims about the circumstances of Coleman's arrests[1], claims about the criminal prosecution of Coleman, and claims about the conditions Napa County Jail. The defendants for the claims regarding Coleman's arrests are not the same as for his claims about the criminal prosecution against him or his claims about jail conditions.

---

[1] The claims about circumstances of his arrests are mentioned at page 3 and lines 21-28 of page 5 of the complaint (Docket No. 1).

4

The claims against defendants regarding the criminal prosecution against Coleman and the jail conditions are not "with respect to or arising out of the same . . . series of transactions or occurrences," Fed. R. Civ. P. 20(a), as the claims regarding his arrests. The defendants for claims regarding the criminal prosecution and jail conditions are not properly joined with the defendants for the claims regarding the arrests. The improper joinder problem can be solved by dismissing or severing the improperly joined parties. *See* Fed. R. Civ. P. 21.

The court must conduct a prejudice analysis, including potential statute of limitations problems, before selecting dismissal over severance. *See Rush v. Sport Chalet, Inc.,* 779 F.3d 973, 975 (9th Cir. 2015). The statute of limitations for a § 1983 claim filed in California is two years. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1. Incarceration of the plaintiff is a disability that may toll the statute for a maximum of two years for a plaintiff who is in prison "for a term less than for life." *See* Cal. Civ. Proc. Code §§ 352.1, 357. A continuously incarcerated plaintiff thus has four years to bring his action. None of Coleman's claims would be time-barred by dismissal of the defendants who were joined improperly because those claims appear to be based on events occurring on and after November 2017, when he was subject to criminal prosecution and housing at the Napa County Jail. Coleman appears to be at least many months away from the expiration of the statute of limitations deadline for him to file a new § 1983 action asserting the improperly joined claims. Dismissal of the improperly joined defendants also is preferable because further amendment of the claims against those defendants would be necessary, and it is preferable that Coleman start over with new complaints limited to his claims against those defendants. This action has not progressed beyond the pleading stage, so there is no effort that will have been wasted in this case. For these reasons, the court finds that there would be no prejudice to Coleman due to the dismissal of the improperly-joined defendants and therefore selects dismissal over severance. Accordingly, the court will dismiss from this action the following defendants: NCDC, Public Defender's Office, District Attorney's Office, public defender Sang Nguyen, public defender Andrew N. Higgins, Judge Bossenecker, Judge Elia Ortiz, Commissioner Victoria Woods, Deputy District Attorney Allison Hailey, Judge Williams, NCDC Director Leonard Vare, lieutenant Wilson, C/O Merrill, C/O Kemp, C/O Jurgent, C/O Vargas, C/O Andrews, and C/O

Underwood. The dismissal of these defendants is without prejudice to Coleman filing new actions to assert his claims against the dismissed parties. (This is not to say that the claims against the dismissed parties are meritorious, but simply that those claims must be pursued in separate actions, if at all.)

C.   Review of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b)(1),(2). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Having dismissed two plaintiffs and the improperly joined defendants, the only claims that remain for adjudication are Coleman's claims against defendants Branco, Powers, Lichau, Potter, Jimenez, Napa Sheriff, Napa Police Department, "4 other deputy sheriffs," and "2 other Napa police officers," Docket No. 1 at 4, based on events and omissions occurring in connection with Coleman's several arrests. The court now discusses the problems with the claims against the defendants who have not been dismissed. Coleman will be allowed to file an amended complaint to attempt to cure the deficiencies in his complaint.

First, the complaint fails to state a claim against Napa Sheriff's deputy Branco, who allegedly planted narcotics at Coleman's home and "encouraged deputy Donaldson to change information in database during a booking in Nov. 2017." Docket No. 1 at 3. Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

6

the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Coleman has not pled enough facts to state a claim that is plausible on its face. Coleman has not alleged any facts that suggest that it is anything more than a pure guess that the deputy planted drugs at his home. The fact that Coleman apparently was not arrested until November, four months after drugs allegedly were planted in July, makes his guess that drugs were planted at his home by anyone in July even more implausible. Coleman's allegation that deputy Branco encouraged deputy Donaldson to change information is too short on details to state a claim. Coleman does not identify what information was changed, nor does he allege facts showing that changing the information was improper or violated any constitutional right. Nor does he allege any facts that suggest it is anything more than a guess by Coleman that deputy Branco encouraged the deputy to change information.

Second, the complaint fails to state a claim against Napa Sheriff's deputy Aimee Powers because the allegations against her are too conclusory. Coleman alleges that deputy Powers entrapped him but does not explain how she entrapped him. Coleman alleges that deputy Powers falsified a report but does not explain what that report was or describe the false statements. He also alleges that deputy Powers lied at a preliminary hearing but does not state what the lies consisted of or why they made any difference. In his amended complaint, he needs to include factual allegations in support of his conclusions.

Third, the complaint does not state a claim against Napa police officer Jimenez. Officer Jimenez committed a "false arrest" on May 18, 2017, after Coleman "pointed out the language in restraining order." Docket No. 1 at 5. The Fourth Amendment requires that an arrest be supported by probable cause. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *Michigan v. Summers*, 452 U.S. 692, 700 (1981) (an arrest is unlawful unless there is probable cause to support it). An arrest is supported by probable cause if, under the totality of the circumstances known to the arresting officer, a prudent person would have concluded that there was a fair probability that the defendant had committed a crime. *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010). The

complaint fails to allege facts plausibly showing that there was not probable cause for Coleman's arrest. Coleman does not state what he was arrested for, what the language in the restraining order was, or how that language showed the absence of probable cause to arrest him.

Fourth, the complaint does not state a claim against Napa police chief Potter. Coleman alleges that Potter did not read *Miranda* rights but does not allege that he was subjected to a custodial interrogation by Potter. The duty to give *Miranda* rights arises when there will be a custodial interrogation, not merely an arrest. Even if Coleman was subjected to a custodial interrogation, he would not have a § 1983 claim. The failure to give the warning required by *Miranda v. Arizona*, 384 U.S. 436 (1966), does not give rise to a claim for damages under 42 U.S.C. § 1983. *Fortson v. Los Angeles City Atty's Office*, 852 F.3d 1190, 1195 (9th Cir. 2017) (citing *Chavez v. Martinez*, 538 U.S. 760 (2003)). Coleman also alleges that Potter arrested him "under wrong Wendell Coleman," Docket No. 1 at 5, but does not explain what this means that could give rise to any liability under § 1983. Lastly, he complains that Potter failed to interview witnesses but fails to explain how this violated any of his constitutional rights.

Fifth, the complaint does not state a claim against Sheriff's deputy Dan Lichau, who allegedly entrapped Coleman, stole money, lied on a police report, and abused Coleman on October 14, 2017. Coleman does not allege facts in support of any of these conclusory allegations. He must in his amended complaint describe the details of the alleged entrapment; describe how and when Lichau allegedly stole money from him (and how he knows this occurred); describe the lies on the police report (as well as provide the date of that police report) and explain how that violated Coleman's rights. He also must allege facts showing that Lichau abused him on October 14, 2017.

Sixth, the allegations that several deputies came to Coleman's home in November 2017 and "threatened to kick [his] ass," Docket No. 1 at 3, him fails to state a claim. The complaint does not suggest that this was anything more than a verbal insult. Coleman has not alleged facts suggesting the violation of any constitutional right by the deputy's comment. If he can allege facts suggesting the violation of any constitutional rights, he needs to properly identify the offending person(s), as discussed in the next paragraph.

8

Seventh, Coleman has listed as defendants "4 other deputy sheriffs" and "2 other Napa police officers." Docket No. 1 at 4. If Coleman does not know the true name of the alleged wrongdoers, he may use Doe defendant designations, so that each person is separately identified as a Doe defendant, e.g., John Doe # 1, John Doe # 2, Jane Doe # 1, etc. Although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names. The burden remains on the plaintiff; the court will not undertake to investigate the names and identities of unnamed defendants. Coleman must provide the true names and identities of the Jane Doe and John Doe defendants within 120 days of the date of this order or they may be dismissed without prejudice to him filing another action against them. If there are multiple unknown persons, each unknown defendant must be identified as a separate John Doe or Jane Doe, e.g., John Doe # 1, Jane Doe # 1, Jane Doe # 2, etc., so that eventually each John Doe and Jane Doe defendant can be replaced by a separate person when his or her true name becomes known.

Eighth, the complaint does not state a claim against the Napa Police Department or the Napa Sheriff. There is no respondeat superior liability under § 1983, i.e., no liability under the theory that one is liable simply because he employs a person who has violated a plaintiff's rights. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The mere fact that the alleged individual wrongdoer was employed by a defendant would not be a sufficient basis on which to hold the employing defendant liable. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell,* 436 U.S. at 690. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is

entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conduct conformed to a policy, custom or practice. *See id.* at 636-68.

Ninth, Coleman has no standing to assert claims based on the violation of the rights of other persons' rights. His amended complaint may include only claims about violations of his own rights.

Finally, the court notes that Coleman appears to misunderstand the relief he can obtain from a court. The complaint's prayer for relief asks, among other things, that the wrongdoers be investigated and be subjected to criminal charges. The court does not conduct investigations on behalf of litigants; rather, litigants are expected to investigate and develop their cases and present them to the court for resolution. Additionally, the court does not make prosecutorial decisions.

**CONCLUSION**

Plaintiffs Dylan Bay and Zack Meyers are dismissed from this action without prejudice to each of them filing a new action to assert his claims. Because they are being dismissed from this action for administrative reasons rather than for any problem related to their claims, they owe no filing fees for this action. The *in forma pauperis* applications of Dylan Bay and Zack Meyers are DISMISSED. Docket Nos, 5, 8, 11. (Whether Coleman will owe the full filing fee with his *in forma pauperis* application will be addressed in a separate order.)

The following defendants are DISMISSED from this action as improperly joined: NCDC, Public Defender's Office, District Attorney's Office, public defender Sang Nguyen, public defender Andrew N. Higgins, Judge Bossenecker, Judge Elia Ortiz, Commissioner Victoria Woods, Deputy District Attorney Allison Hailey, Judge Williams, NCDC Director Leonard Vare, lieutenant Wilson, C/O Merrill, C/O Kemp, C/O Jurgent, C/O Vargas, C/O Andrews, and C/O Underwood. The claims against these defendants are dismissed without leave to amend in this action.

The complaint is dismissed with leave to amend. Coleman must file an amended complaint no later than **December 21, 2018**, and must include the caption and civil case number used in this order as well as the words AMENDED COMPLAINT on the first page. Coleman is specifically ordered not to allege claims in his amended complaint against the defendants mentioned in the

10

preceding paragraph because those defendants (and claims against them) have been dismissed as improperly joined. Coleman is cautioned that his amended complaint must be a complete statement of his claims, except that he does not need to allege any claim that has been dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Failure to file an amended complaint by the deadline will result in the dismissal of the action.

**IT IS SO ORDERED**.

Dated: November 16, 2018

_____
SUSAN ILLSTON
United States District Judge